THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 NOV -1  P 3: 54

CLERK'S OFFICE
AT GREENBELT

| | |
|---|---|
| ASSOCIATION OF SUPERVISORY & ADMINISTRATIVE SCHOOL PERSONNEL<br>1300 Caraway Court<br>Largo, Maryland 20774<br><br>               Plaintiff,<br>v.<br><br>PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS,<br>Serve:<br>William H. Hite, Jr., Ph.D.<br>14201 School Lane<br>Upper Marlboro, Maryland 20722<br><br>AND<br><br>PRINCE GEORGE'S COUNTY BOARD OF EDUCATION,<br>Serve:<br>Verjeana M. Jacobs<br>Chair, Board of Education<br>14201 School Lane<br>Upper Marlboro, Maryland 20722<br><br>               Defendants | Civil Action No. __DKC 12 CV 3213__ |

## CLASS COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

**NOW COMES** Plaintiff, the Association of Supervisory and Administrative School Personnel, ("ASASP") on behalf of itself and approximately 800 of its members, Prince George's County Public School employees, by and through undersigned counsel, and files this class complaint for damages and declaratory relief as follows:

1

## JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to 28 U.S.C. §1330; 42. U.S.C. §1983, hereinafter "1983"; 42. U.S.C. §1985, hereinafter "1985" declaratory relief is authorized by 28 U.S.C.§§2201 and 2202; and, Title VI of the Civil Rights Act, hereinafter "Title VI." Title VI requires the recipients of federal funds to waive Eleventh Amendment sovereign immunity.

2. This Court has jurisdiction over the potential class parties pursuant to F.R.C.P. 23.

## PARTIES

3. "Plaintiff" ASASP is a labor organization that is the exclusive collective bargaining representative relating to salary, wages, hours and other working conditions for approximately 800 administrators, supervisors, and other professionals employed by Prince George's County Public Schools who are designated by the Board of Education as members of Unit II and Unit III.

4. Some of the class members include Alesa Smith, Eric Lyles, Scott Smith, Jacqueline Holland and Jeffrey Parker.

5. Defendant Prince George's County Board of Education is the governing body for the Prince George's County Public Schools[1]. The members of the Board of Education during the relevant time period include Verjeana M. Jacobs, Rosalind Johnson, Edward Burroughs, III, Donna Hathaway Beck, Peggy Higgins, Patricia Eubanks, Carolyn Boston, Henry P. Armwood, Jr. and Amber Waller.

6. Defendant Board is a corporate body politic organized and existing under the laws of the State of Maryland which governs and has the ultimate responsibility for the

---

[1] Defendant Board of Education's Ethics and Code of Conduct states, in part, that it supports employment "of those persons best qualified to serve as school staff."

management, operation and control of the Prince George's County Public Schools including, but not limited to, the promulgation of all orders, rules, regulations, policies, and instructions relating to the hiring, supervision, recruitment, control of the Superintendent, educators and all other employees of the county school system.

7. Defendant William H. Hite, Jr., Ph.D., was the Superintendent of Schools at all times of the events that gave rise to this civil action. Defendant Hite was selected by Defendant Board and is considered the chief executive officer of the Prince George's County Public Schools.

## STATEMENT OF FACTS

8. The negotiated contract for ASASP Unit III, page 6, Section 3:13B Procedure under Reduction in Force, provides "In making determinations on individuals to be RIFFED, the Superintendent will take into consideration the total length of service since most recent date of hire in any position for which ASASP has been designated as the exclusive representative."

9. However, during spring 2011, Defendants terminated twenty-seven (27) employees with the Prince George's County Public School's various departments under the guise or pretext of a reduction in force and/or reorganization. Subsequently, Defendants instituted the reduction in force/reorganization and arbitrarily proceeded to implements its personnel action. It was subsequently disclosed that Defendants engaged in a practice and policy of disparate treatment in the accord of personnel decisions in the form of promotions, reductions, rehirings, recalls and terminations.

10. For example, ASASP member, Alesa Smith is a 43-year-old African American female. Ms. Smith was a writer/editor in the Communications Department. for the Prince

George's County Public Schools from 2001-2003. In 2003, she became a Television Specialist. Ms. Smith received excellent performance evaluations, awards for producing and reporting and as a writer/editor. She also holds a Bachelor's Degree in Communications/Journalism, a Master of Arts Degree in Writing, and a Master of Fine Arts.

11. On April 19, 2010, Defendants informed Ms. Smith that her position as Television Specialist would be eliminated due to budget reductions, effective June 30, 2010. Defendants represented that, as a result of budget reconciliation, Ms. Smith's position was classified as a "buyback" position due to additional funding received by Prince George's County Public Schools. Ms. Smith remained in the position during the entire 2010-2011 school year.

12. Thereafter, Ms. Smith received a letter, dated March 18, 2011, stating that the "buyback" position had been eliminated due to a severe reduction in funding.

13. Defendants terminated Ms. Smith's employment on June 30, 2011, under the guise of a reorganization and reduction in force while two white males, with less seniority not only kept their jobs, but one was promoted to a higher position and higher pay.

14. Defendants retorted that Ms. Smith's former position was eliminated because it was scheduled to be eliminated under a reduction in force in 2010, but was bought back. However, there were no "buyback" positions for ASASP members and that position was not a "buyback.

## Age Discrimination, Disparate Treatment and Impact

15. Plaintiff avers Defendants harbor a pattern and practice of age discrimination in the terms and conditions of employment for Plaintiff's members. Over the years, Defendants have systematically promoted principals that are younger than forty (40) years' of age more so than principals more than forty (40) years of age. Particularly, Defendants subject school principals over forty to more subjective and rigorous performance standards than similarly-situated younger principals outside of their protective classification that includes demotions based upon performance evaluation standards that are in contravention of state law.

16. Additionally, some of the subjective criteria that Defendants employ for their discriminatory practices and policies include inconsistent application of performance evaluation standards prescribed by the relevant collective bargaining agreements and state law, performance evaluations conducted by non-certified individuals and promoting less experienced and less qualified individuals into the principal position.

17. For example, On June 30, 2012, once again, Defendants violated Section 3.13 of the collective bargaining agreements based upon age disparity when they administered personnel decisions under the pretext of a reduction in force and/or reorganization against Instructional Supervisors Eric Lyles, Scott Smith, Jacqueline Holland and Jeffrey Parker, all of whom are over 40 years of age. These employees were demoted and placed into positions that paid less and replaced by an inexperienced and less qualified individual under forty years' of age.

## CLASS ACTION ALLEGATIONS

18. This action is properly maintainable as a class under F.R.C.P. 23.

19. Plaintiff, class representative, brings this claim as a class action seeking relief from Defendants for discriminatory personnel policies and practices against Plaintiff's members based upon race and age in violation of their civil rights and constitutional protections, in violation of the collective bargaining agreement under the guise of personnel decisions, demotions, and reductions in force and/or reorganizations.

20. The exact number of class members is unknown, but it is estimated that a significant number of the current 800 person membership is subject to the arbitrary and capricious conduct of Defendants.

21. There is also an undefined number of former employees injured by Defendants' conduct. The class is so numerous that joinder of individual members is impracticable.

22. Plaintiff's injuries arise from a set of facts and circumstances common to that of the class it seeks to represent and raises common questions of law.

23. These common questions of law and fact include, but are not limited to, whether the discriminatory personnel policies and practices of Defendants result in denial of substantive Equal Protection under the law, as well as whether the actions of Defendants result in violations of the State of Maryland Declaration of Rights and other aspects of Maryland and federal law with respect to the denial of competitive compensation for comparable and equal work.

24. Plaintiff is representative of the claims of the class.

25. Plaintiff is able to, and will, fairly and adequately protect the interests of the class.

26.    Attorney for Plaintiff is experienced in employment rights, and in class action litigation, and will fairly and adequately represent the interests of the class.

27.    This action is properly maintained as a class action because (a) the prosecution of separate actions by individual members of the class would create a risk of adjudications which would as a practicable matter be dispositive of the interests of the other members or would substantially impair or impede their ability to protect their interests, and/or (b) Defendants have continued to act or refuse to act on grounds generally applicable to the class, making final remedial and declaratory relief appropriate.

## CLAIM I
## VIOLATION OF 42 U.S.C. §1983 EQUAL PROTECTION CLAUSE

28.    Plaintiff re-alleges Paragraphs 1 through 27, and incorporates them by reference herein.

29.    Plaintiff avers that Defendants harbor, implement and maintain personnel policies that discriminate in terms and conditions of employment for its members.

30.    Plaintiff alleges that the arbitrary demotion of positions for African-American members has resulted in them receiving substantially less pay than other similarly-situated employees outside of their protected classification because of race.

31.    Plaintiff alleges that the arbitrary terminations for African-American members have resulted in them being denied employment opportunities than other similarly-situated employees outside of their protected classification because of race.

32.    Plaintiff alleges that the arbitrary demotion of older principals has resulted in them receiving substantially less pay than other similarly-situated employees outside of their protected classification because of age.

33. Plaintiff's members have sustained economic as a direct result of Defendants' violation of rights afforded them by the Equal Protection Clause of the U.S. Constitution, including lost wages and benefits, costs and reasonable attorney fees.

## CLAIM II
## VIOLATION OF 42 U.S.C. §1985 CIVIL CONSPIRACY

34. Plaintiff re-alleges Paragraphs 1 through 33, and incorporates them by reference herein.

35. Plaintiff avers that Defendants colluded with one another in the deprivation of their rights, duties and responsibilities to Plaintiff's members in contravention to the collective bargaining agreements, state and federal laws.

36. On information or belief, Defendant Board Member Hathaway Beck met with specific White employees, assuring them that their employment would be maintained, notwithstanding the collective bargaining agreements or, more importantly, the controlling provisions of seniority, reductions in force (RIF), prompted by budgetary cuts or any other set of circumstances. Ms. Hathaway assured those employees that she would see to it that they would continue to be employed by the school system.

37. On information or belief, Defendants minimally admonished Member Beck Hathaway upon disclosure of the assurances she conveyed.

38. Plaintiff avers that, as elected public officials, Defendant Board has the ethical and legal responsibility to ensure equal access to opportunities without consideration to race, age or collective bargaining unit affiliation.

39. Plaintiff has sustained economic and non-economic damages as a direct result of Defendants' violation state and federal civil rights protections afforded class members by the illegal conduct, including loss wages, costs and reasonable attorney fees.

## CLAIM III
## DECLARATORY RELIEF FOR VIOLATION OF THE LAWS OF THE UNITED STATES AND THE STATE OF MARYLAND

40. Plaintiff re-alleges Paragraphs 1 through 39 and incorporates them by reference herein.

41. Plaintiff avers that an actual controversy has arisen and now exists between the ASASP, the potential class members of ASASP, and Defendants concerning their respective rights and duties in accordance with the laws of the United States and the state of Maryland.

42. Plaintiff desires a judicial determination of their rights to receive comparable terms and conditions of employment and fair and equal access to employment opportunities in the performance of their duties and responsibilities as employees of Prince George's County Public Schools.

43. Plaintiff believes that a judicial declaration is necessary and appropriate at this time under the circumstances in order that they may achieve pay parity and all rights that they are entitled to under the law.

44. Plaintiff is seeking a judicial declaration that Defendants' discriminatory policies of age, racial and union association affiliation deprive ASASP and the potential class members of comparable terms and conditions of employment and is a violation of their rights in accordance with the Fifth Amendment of the U.S. Constitution and laws of the State of Maryland.

45. Plaintiff is seeking a judicial declaration that Defendants' outdated discriminatory policies and practices deprive them of equal compensation for the performance of equal work.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief, namely:

(i) That this Court determine that the employment practices complained of in this Complaint are unlawful in that they violate the Equal Protection Clause of the United States Constitution; State of Maryland, Declaration of Rights; 1983, 1985; and, Title VI.

(ii) That Defendants pay Plaintiff as class representative the sum of $500,000 for liquidated damages.

(iii) That Defendants pay Plaintiff's costs and expenses and reasonable attorney's fees as provided in connection with this action.

(iv) That this Court therefore grants the potential class members, a group of current and former employees, the sum of $100 million for lost wages and benefits, interests, costs and expenses and reasonable attorney fees and other liquidated damages.

Respectfully submitted on behalf of Plaintiff and the class members:

Dated: October 26, 2012

Nathaniel D. Johnson, Esq. (MD #14729)
THE JOHNSON LAW GROUP, LLC
10665 Stanhaven Place. Ste. 3101
White Plains, Maryland 20695
301-645-9103